**M. D. FUTCH, INC., a Florida Corporation, v. PAUL W. MILLER.**

16 So. (2nd) 338                                   January Term, 1944
January 21, 1944                                              Division B
Rehearing Denied February 7, 1944

*Robert C. Lane,* for appellant.

*A. M. Sandler,* for appellee.

THOMAS, J.:

Appellee sued to foreclose a mortgage and, besides the mortgagor, made the holder of a subsequent judgment, appellant, a party. This appeal was prosecuted by the judg-

ment creditor who challenges the final decree because (1) it was entered in the absence of a decree pro confesso against the co-defendant and (2) before the cause was at issue.

The summons was returnable on the July rule day, 1943, and although it was not served upon the appellant, an appearance was filed in its behalf on the return day. Three days later this defendant answered, describing its judgment and asserting its rights as a holder of a lien subject to the mortgage. Other than this representation there was only the averment "That as to all other allegations in said bill of complaint, this defendant is without knowledge, and demands strict proof thereof." In conclusion the pleader claimed as much of any surplus remaining after the discharge of the mortgagee's debt as would be necessary to pay the judgment and costs.

On the following day appellee's counsel notified appellant's counsel that there would be argued three days later a motion for final decree. At the appointed time there were presented to the chancellor by the appellee two affidavits relative to the reasonableness of fees to be allowed his solicitors, and there were also filed the mortgage and note and his own affidavit of the amounts due on them. Thereupon the chancellor rendered a decree of foreclosure which was recorded July 13, 1943, the eighth day after the return day of the summons and the filing of the answer of the appellant.

Appellant points out that, although the final decree recited that "the decree pro confesso entered herein against the defendant [the mortgagor] . . . , be, and the same hereby confirmed," no such decree pro confesso had been entered and the cause proceeded ex parte notwithstanding this omission. The record substantiates this statement of the status of the case, but it seems to us that the error, which would have justified the reversal at the instance of the defendant, mortgagor, could not be successfully urged by the appellant because no harm redounded to it.

The notice, to which we have already referred, advised the appellant that "we have set down for argument and will bring on for hearing . . . plaintiff's motion for final decree." The motion itself was not incorporated in the record, but

inasmuch as the motion authorized by 1931 Chancery Act (Sec. 63.40 Florida Statutes, 1941, F.S.A. Sec. 63.40) at that stage of the proceedings, that is, within ten days of filing the answer, is one for decree on bill and answer it may be assumed that this was the kind of motion presented. Reading together this section and the one immediately preceding it we understand that a cause is at issue "At the expiration of ten days from the filing of the answer . . . "where there is no counterclaim. "If, however, within such period of ten days . . . the cause is set down for hearing on bill and answer, *the cause shall not be deemed at issue until the points of law* so presented shall *have been ruled upon* by the court." Sec. 63.39 (Italics supplied.) The next section provides: "The plaintiff may, within ten days after the filing of the answer . . . move for a decree on bill and answer. . . ." If the motion is denied the plaintiff may "proceed to trial"; if the answer is insufficient but amendable, revision may be allowed.

It seems, then, that such a motion authorized by the sections of the law we have quoted is a matter preliminary to trial and not a final hearing. As applied to this case, the chancellor, when he entertained the motion, was testing the sufficiency of the pleading. We are not advised that he ruled on such matter or that counsel for plaintiff requested him to do so. Instead plaintiff presented the affidavits we have described. No interlocutory order was made, but final decree was rendered granting the relief sought in the bill.

Here again was irregularity, but the appellant is not shown to have been injured by it. Its answers did not comply with the 1931 Chancery Act (Sec. 63.34 Florida Statutes, 1941, F.S.A. 63.34) admonishing a pleader to avoid any "general denial of the averments of the bill." It presented only a claim to funds on hand after the satisfaction of the plaintiff's mortgage. The record shows that the property was twice offered for sale; therefore, doubtless ample opportunity was given to bid or to secure bidders. It does not appear that because of the entry of the final decree prematurely the property did not bring a fair price. The validity of the prior encumbrance was recognized in the answer. No effort was made in the pleading to challenge the amounts which would

be paid the plaintiff for principal, interest, fees, and costs, although calculation of these items would necessarily affect the surplus available for the appellant's judgment. In all these circumstances we believe it would be a waste of time and money to order a retrial of the case.

The decree of the chancellor is therefore—

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.